IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| PANCAKE HOUSE OF GASTONIA, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Savoy Annette Davis ("Davis"), who was adversely affected by such practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the Commission") alleges that Defendant, Pancake House of Gastonia, Inc. ("Defendant"), subjected Davis to a sexually hostile work environment because of her sex, female. The Commission further alleges Davis was forced to resign her position because of the hostile work environment.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the state of North Carolina and the city of Gastonia, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Davis filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From around October 2007 until on or about December 10, 2007, Defendant engaged in unlawful employment practices at its restaurant in Gastonia, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Davis to sexual harassment that created a sexually hostile work environment based on her sex, female.

8. More specifically, Defendant hired Davis as a waitress in or around November 2002. Around October 2007, Defendant's male manager ("Manager"), who was Davis' direct

supervisor, began subjecting her to unwelcome sexual conduct, including sexual comments, on a daily or almost daily basis. The conduct continued until on or around December 10, 2007, when Davis was forced to resign her position with Defendant because of the sexually hostile work environment created by the Manager.

9. The Manager's harassment of Davis included, among other things, patting Davis on her buttocks every time he passed her; calling Davis at her home approximately three to four times per week during which calls he would proposition her for sexual intercourse; and daily attempts to hug and kiss Davis in the restaurant's walk-in cooler. Davis complained to the Manager about his unwelcome and offensive conduct, and asked him to stop.

10. In addition to the foregoing conduct, on one occasion after Davis' shift ended in the evening, the Manager approached Davis on the way to her car and tried to kiss her. Again, Davis told the Manager to stop. On another occasion, the Manager went into a local Laundromat where he saw Davis' car parked and spoke to Davis. During the conversation, the Manager began to rub Davis' back. Once again, Davis told the Manager to stop, to which the Manager replied that he did not like rejection. On or about December 9, 2007, the Manager exposed his penis to Davis in the restaurant, grabbed her hand and placed it on his penis. Davis pushed the Manager away and told him to stay away from her. Later that same day, the Manager called Davis into the office, closed the door, and again unzipped his pants and exposed his penis. Davis told him to leave her alone and she left the office.

11. On or about December 10, 2007, the day after the Manager exposed his penis to Davis, Defendant engaged in unlawful employment practices at its restaurant in Gastonia, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) when it forced Davis to resign from her employment. On or about December 10, 2007, in response to an

employee complaint Davis was making to the Manager, the Manager again propositioned Davis for sex.  Davis told the Manager no, and resigned her employment that day.  Prior to her resignation, Davis had repeatedly told the Manager his sexual touching and sexual propositions were unwelcome, and asked that he stop.  Moreover, on the day before Davis' resignation, the Manager had exposed his penis to Davis twice.  Despite Davis' complaints and objections, the Manager refused to stop his harassing behavior which culminated with Davis resigning.

12. The Manager was Davis' direct supervisor and there were no management employees above him in the restaurant.  Moreover, Defendant did not have in place any written policies or procedures for employees to follow to report sexual harassment.  In view of the egregious nature of the harassment, the Manager's refusal to stop his sexual harassing conduct in spite of Davis' requests that he stop, and the fact that Defendant had no complaint procedures in place for Davis to utilize to address the harassment, Davis' work conditions were intolerable and she was forced to resign her employment to avoid the Manager's harassment.

13. The effect of the practices complained of above has been to deprive Davis of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

14. The unlawful employment practices complained of above were intentional.

15. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Davis.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Davis whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Davis whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, medical expenses, in amounts to be determined at trial.

E. Order Defendant to make Davis whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Davis punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 27th day of July, 2011.

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        s/ Lynette A. Barnes
        LYNETTE A. BARNES (NC Bar #19732)
        Regional Attorney

        TINA BURNSIDE
        Supervisory Trial Attorney

        s/ Randall D. Huggins
        RANDALL D. HUGGINS (OK Bar #17875)
        Senior Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, N.C. 28202
        Telephone: 704.954.6470
        Facsimile: 704.954.6412
        Email:  randall.huggins@eeoc.gov

        ATTORNEYS FOR PLAINTIFF