# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 3:11-CV-00362 |
| v. | ) CONSENT DECREE |
| PANCAKE HOUSE OF GASTONIA, INC., | )<br>)<br>) |
| Defendant. | ) |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant, Pancake House of Gastonia, Inc. (hereinafter "Defendant"), subjected Savoy Annette Davis (hereinafter "Davis") to a sexually hostile work environment because of her sex, female. The Commission further alleged that Davis was forced to resign her position because of the hostile work environment.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex, including by subjecting them to a sexually hostile work environment or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute

3. Defendant shall pay Savoy Annette Davis the sum of Forty Thousand Dollars ($40,000.00) in settlement of the claims raised in this action. Of the aforementioned $40,000.00, Thirty Thousand Dollars ($30,000.00) shall constitute payment for lost wages and Ten Thousand Dollars ($10,000.00) shall constitute payment for compensatory damages. Defendant shall make payment by issuing three checks payable to Savoy Annette Davis in three (3) payments. The first payment of Twenty Thousand Dollars ($20,000.00) shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Ms. Davis at an address provided by the Commission. The second payment of Ten Thousand Dollars ($10,000.00) shall be made within one (1) month of the date that the Court approves this Consent Decree, and Defendant shall mail the check to Ms. Davis at an address provided by the Commission. The third payment of Ten Thousand Dollars ($10,000.00) shall be made within two (2) months of the date that the Court approves this Consent Decree, and Defendant shall mail the

check to Ms. Davis at an address provided by the Commission. Within ten (10) days after proof of delivery of each check is received by Defendant, Defendant shall send to the Commission a copy of the check and proof of its delivery to Savoy Annette Davis to EEOC-CTDO-decree-monitoring@eeoc.gov. Should Defendant fail to mail the first or second payment by the due date, the Defendant shall be considered to be in default of such payment and the total balance owed shall be due and owing immediately. Defendant shall issue Ms. Davis a form 1099 for the amount received. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Ms. Davis may or may not incur on such payment under local, state, and/or federal law.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Savoy Annette Davis any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2008-01578 and the related events that occurred thereafter, including this litigation. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy in all restaurants identified on the attached Exhibit A, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment and sex discrimination; procedures for reporting sexual harassment and sex discrimination; and a procedure for the thorough and immediate investigation of employee complaints of sexual harassment and sex discrimination. Defendant shall distribute a copy of the policy to each current employee in all restaurants

identified on the attached Exhibit A within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees in all restaurants identified on the attached Exhibit A and review it with them at the time of hire.

6. Within ninety (90) days of the entry of this Decree, and continuing throughout the term of this decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in all restaurants identified on the attached Exhibit A in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within 10 days after the policy is posted, Defendant will notify the Commission that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees in all restaurants identified on the attached Exhibit A. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the

4

specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees in all restaurants identified on the attached Exhibit A. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information in all restaurants identified on the attached Exhibit A:

    A.    the identities of all individuals who, during the previous six (6) months, (i) have made any complaints about sexual comments, sexual conduct, or any conduct that the complainant deems sexual in nature; (ii) have made any complaints about conduct that could be construed as sexual harassment under Defendant's sexual harassment policy; (iii) have complained about sexual harassment, including by way of identification each person's name, address, telephone number, position, and social security number; and

    B.    a brief description of the individual's complaint; and

    C.    a description of all actions taken by Defendant in response to the individual's complaint;

    D.    for each individual identified in 9.A above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to termination, firing, demotion, promotion or from full-time to part-time and vice versa); and

E. for each individual whose employment status has changed as identified in 9.D above, a detailed status explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect all restaurants identified on the attached Exhibit A, interview employees and examine and copy documents.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for three (3) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_15 August 2012_  _Graham C. Mullen_
Date                                   Judge, U.S. District Court

The parties jointly request that the Court approve and enter this Consent Decree.

This 14th day of August, 2012.

| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **PANCAKE HOUSE OF GASTONIA, INC.** |
|---|---|
| | s/ Christopher M. Whelchel |
| P. DAVID LOPEZ | Christopher M. Whelchel (NC Bar 31857) |
| General Counsel | GRAY, LAYTON, KERSH, SOLOMON, FURR & SMITH, P.A. |
| | Post Office Box 2636 |
| JAMES L. LEE | Gastonia, North Carolina 28053-2636 |
| Deputy General Counsel | Telephone: 704-865-4400 |
| | Facsimile: 704-866-8010 |
| GWENDOLYN YOUNG REAMS | |
| Associate General Counsel | Email: cwhelchel@gastonlegal.com |
| s/Lynette A. Barnes | |
| LYNETTE A. BARNES (NC Bar 19732) | ATTORNEYS FOR DEFENDANT |
| Regional Attorney | |
| TINA BURNSIDE (WI Bar 1026965) | |
| s/Randall D. Huggins | |
| RANDALL D. HUGGINS | |
| (OK Bar No. 17875) | |
| Senior Trial Attorney | |
| Charlotte District Office | |
| 129 West Trade Street, Suite 400 | |
| Charlotte, North Carolina 28202 | |
| Telephone: 704.954.6470 | |
| Facsimile: 704.954.6412 | |
| Email: randall.huggins@eeoc.gov | |
| ATTORNEYS FOR PLAINTIFF | |

# EXHIBIT A

1. The Pancake House of Shelby
   149 West Dixon Blvd.
   Shelby, NC 28150

2. The Pancake House of Inman
   11060 Asheville Highway
   Inman, SC 29349

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>PANCAKE HOUSE OF GASTONIA, INC., )<br>Defendants. )<br>)<br>)<br>) | CIVIL ACTION NO.<br>3:11-CV-00362<br><br>**EMPLOYEE NOTICE** |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Pancake House of Gastonia, Inc. in a case of discrimination based on sexual harassment and sex discrimination. Specifically, the EEOC alleged that Pancake House of Gastonia, Inc. subjected Savoy Annette Davis (hereinafter "Davis") to a sexually hostile work environment because of her sex, female. The EEOC further alleged that Davis was forced to resign her position because of the hostile work environment. As part of the settlement, Pancake House of Gastonia, Inc. agreed to make a monetary payment and take other action set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Pancake House of Gastonia, Inc. will comply with such federal laws in all respects. Furthermore, it will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Washington DC 20507
> TEL: 1-800-669-4000
> TTY: 1-800-669-6820

This Notice will remain posted for at least three (3) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2015.